# Currey, Appellant, *v.* McCurdy.

*Equity—Landlord and tenant—Wrongful distress—Replevin—Remedy at law—Discovery.*

The appellate court will sustain a decree refusing an injunction before an answer filed, on a bill in equity by a tenant to restrain the execution of a landlord's warrant in the hands of a constable. The fact that the bill contained a prayer for discovery is immaterial.

Argued Oct. 4, 1905. Appeal, No. 48, Oct. T., 1905, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1905, No. 3723, refusing injunction in case of Joseph Wheeler Currey *v.* E. Y. McCurdy. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for discovery and an injunction.

BEITLER, J., filed the following opinion:

Injunction refused. It is true that the bill seeks discovery as to the terms of the lease and the ownership of the premises. The latter the records would have given the plaintiff; the former he might have secured by application to the lessor, or at least there is no allegation that he was refused the information. The mere fact that he makes discovery one of the prayers of this bill gives this court of equity no right to interfere with the levy for the rent. In that case, the tenant's rights can all be protected by a replevin. If there is no rent due, that will be the issue in replevin. Unless there is no rent due, this court has no right to grant the injunction prayed for.

*Error assigned* was the decree of the court.

*Edward F. Hoffman,* for appellant.

*Isaac D. Yocum,* for appellee.

PER CURIAM, October 23, 1905:

The statement of the questions involved in the appellant's paper-book and some of the assignments of error, assume that this is an appeal from a final decree dismissing the plaintiff's

bill.   This view of the record and decree is erroneous.   The record shows that the bill was filed on February 8, 1905, and that on February 14, 1905, before answer filed, the injunction was refused.   This cannot be considered otherwise than as an interlocutory decree refusing a preliminary injunction, and whilst the statute gives a right of appeal from such decree, we are all of opinion that upon the state of the record and proofs at the time the decree was made, the learned judge below was right in holding that the case was not one requiring or justifying the interference of a court of equity with the execution of the landlord's warrant then in the hands of the constable.   This is the only question properly before us.   Whether the plaintiff is entitled to maintain the bill in order to obtain discovery of the names of the owners, so that he may bring proceedings at law to recover damages for past injuries, is a question which does not arise and need not be discussed upon this appeal.

Decree affirmed and appeal dismissed at the appellant's cost.